UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PLACIDA PROFESSIONAL CENTER,
LLC, et al.,**

    Plaintiffs,

v.                                                 Case No.  8:09-cv-2221-T-30MAP

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Freedom
Bank,**

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Dkt. 24) and Plaintiffs' Response in opposition (Dkt. 25). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

### **Background**

This action arises out of the repudiation of a construction loan agreement by the Federal Deposit Insurance Corporation ("FDIC-R") acting as Receiver for Freedom Bank. In February 28, 2007, Plaintiff Placida Professional Center, LLC ("Placida") and Freedom Bank executed a construction loan agreement, a promissory note, and mortgage in which Freedom Bank agreed to loan a total of $3,280,000 to Placida for the construction of a professional office center in Charlotte County, Florida ("the Placida project").  As a

condition of the loan, Freedom Bank required Placida's members to execute personal guaranties to further secure the loan. Under the agreement, $240,000 of the principal amount was to be reserved for interest payments on the loan during construction and a reasonable period of time to obtain tenants upon completion. The agreement provided that disbursements from the loan would be made upon submission of a draw request to the bank and after inspection by the bank's inspector. The agreement further provided that upon substantial completion, all undisbursed funds from the Loan would be disbursed to Placida.

In January 2006, more than a year before the construction loan agreement was executed, Freedom Bank and Plaintiffs Michael and Sheryl Edwards executed a separate loan agreement ("the Fruitville Loan") though which Freedom Bank provided purchase money financing for the acquisition of real property located in Sarasota County, Florida. Later, Freedom Bank agreed that once the Edwards re-zoned the property and obtained site plan approval for the construction of an office building, Freedom Bank would refinance the Fruitville Loan and would extend construction financing for construction of improvements upon completion of the Placida project.

Construction on the Placida project proceeded according to schedule from July 27, 2007 to October 15, 2008, with monthly draw requests submitted at the end of each month. A total of 12 draw requests were received, reviewed, and paid by Freedom Bank with disbursements made from the loan in the total amount of $1,597,504.20 as of October 30, 2008. During construction, interest only payments were automatically paid on the 28th day of each month from the interest reserve held by Freedom Bank. The interest payment due

on October 28, 2008, was paid on October 30, 2008. After that October 2008 interest payment, $1,682,495.68 remained in the loan account.

On October 31, 2008, the FDIC-R was appointed as receiver for Freedom Bank. The FDIC-R held a meeting with Placida on November 6, 2008 to discuss the loan for the Placida project. At this meeting, the FDIC-R notified Placida that it was exercising its right of repudiation of the loan under 12 U.S.C. § 1821(e) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The FDIC-R stated that it was not going to continue to fund further draws from the loan, citing that the continued performance thereof by the FDIC-R would be "burdensome" and repudiation would "promote the orderly administration" of Freedom Bank's affairs.

In February 2009, Placida submitted a claim to the FDIC-R for rescission of the note and mortgage and for damages caused by the FDIC-R's repudiation of the construction loan agreement. After extending the claims period under 12 U.S.C. § 1821(d)(5)(a)(ii), the FDIC-R sent Placida a notice of denial of its claim in September 2009. The notice indicated that "the claim was deemed without merit since the loan ha[d] been in default since October 2008 and therefore, not proved to the satisfaction of the Receiver."

Plaintiffs now bring this action for declaratory judgment and damages resulting from the repudiation of the construction loan agreement and setoff of Plaintiffs' damages award against other sums allegedly owed to the former Freedom Bank.

**Discussion**

**I.      Count One–Declaratory Judgment**

The FDIC-R moves to dismiss Plaintiffs' claims for declaratory judgment for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). Here, the FDIC-R makes a "facial attack" on the complaint, which "require[s] the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id.* at 1529. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true." *Id*.

FIRREA contains an anti-injunction provision, which the FDIC-R argues bars Plaintiffs's claims for equitable relief. Section 1821(j) provides:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

12 U.S.C. § 1821(j). Courts have described this provision as "effect[ing] a sweeping ouster of courts' power to grant equitable remedies." *Freeman v. Federal Deposit Ins. Corp.*, 56 F.3d 1394, 1399 (D.C. Cir. 1995). Though the prohibition is broad, it is not unlimited. *Adagio Inv. Holding Ltd. v. FDIC*, 338 F. Supp. 2d 71, 79 (D.D.C. 2004)

In Count One, Plaintiffs ask the Court to declare that the FDIC-R's repudiation of the construction loan agreement terminated both parties' obligations under the agreement and to declare the Note, Mortgage, and Guaranties of no further force or effect. Under § 1821(j), the Court is barred from granting declaratory judgments were the declaration would have the effect of restraining the powers and functions of the FDIC as a receiver. *See Carney v. Resolution Trust Corp.*, 19 F.3d 950, 957-58 (5th Cir.1994). Among the powers granted to the FDIC-R is the ability to "collect all obligations and money due the [failed] institution" and "preserve and conserve the assets and property of such institution." 12 U.S.C. § 1821(d)(2)(B)(ii and iv).

As the FDIC-R noted in its motion, if the Court were to grant the declaratory judgment Plaintiffs seek, the FDIC would be forced to forgive the substantial sum owed on the amount already disbursed from the construction loan account. That declaration would clearly affect the FDIC-R's exercise of its power to collect obligations and money due as well as the power to preserve and conserve the assets of Freedom Bank.

## II.    Count Three–Setoff

Plaintiffs bring a claim for setoff against the FDIC-R seeking to setoff any damages awarded to Plaintiffs under Count Two of the Complaint against sums alleged to be owed on the Fruitville Loan. However, setoff is a "defensive claim[] raised to diminish liability, not [an] affirmative claim[] for relief." *Pageland 29 Ltd. Partnership v. F.D.I.C.*, 1992 WL 391377, *5 (D.D.C. 1992). It is premature to raise a claim for setoff against the funds

allegedly owed on the Fruitville Loan where, as here, the FDIC-R has not brought a claim to recover those funds. *See Id.*

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Dkt. 24) is GRANTED.

2. Count One and Count Three of the Amended Complaint are dismissed.

**DONE** and **ORDERED** in Tampa, Florida on November 2, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2221.mtd 24.wpd