UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLACIDA PROFESSIONAL
CENTER, LLC, a Florida Limited
Liability Company, MICHAEL B.
EDWARDS and SHERYL A.
EDWARDS,

        Plaintiffs

vs.                                         Case No.8:09-CV-02221-JSM MAP

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
FREEDOM BANK,

        Defendant.
_____/

**DEFENDANT FDIC AS RECEIVER'S RESPONSE TO PLAINTIFFS' FIRST AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendant, Federal Deposit Insurance Corporation as Receiver for Freedom Bank ("FDIC as Receiver"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 3.01 of the Middle District of Florida, hereby files its Response to Plaintiffs, Placida Professional Center, LLC ("Placida") and Michael B. Edwards ("Michael Edwards") and Sheryl A. Edwards' ("Sheryl Edwards") (Michael and Sheryl Edwards collectively the "Edwards") First Amended Motion for Partial Summary Judgment as to Count II of Plaintiffs' First Amended Complaint, and as grounds therefor, more particularly appearing in the Incorporated Memorandum of Law in Support Thereof, states as follows:

I.     **INTRODUCTION**

    This case arises out of the FDIC as Receiver's disallowance of Placida's administrative claim

for repudiation damages pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The FDIC as Receiver exercised its right under FIRREA to repudiate the continued funding of Placida's construction loan because the continued performance would be "burdensome" and the repudiation would "promote the orderly administration of the failed institution's affairs". [Docket No. 21].

The FDIC as Receiver does not dispute the material facts set forth by Placida in the Plaintiffs' motion. As a result, the FDIC as Receiver acknowledges that Placida is entitled to a judgment for the amount of its "actual direct compensatory damages" as determined by the Court at trial. Placida, however, is not entitled to summary judgment on the issue of pre-judgment interest based upon the case law identified below. Moreover, the FDIC as Receiver has an absolute right to satisfy the entire judgment by issuing Placida a receivership certificate instead of cash.

With respect to the Edwards' claims for repudiation damages, the FDIC as Receiver previously filed a motion to dismiss their claims for lack of subject-matter jurisdiction, which is pending before this Court. [Docket No. 42]. Given that subject-matter jurisdiction is a threshold question for the Court, the jurisdiction issue should be decided before addressing the Edwards' motion.

## II. ARGUMENT

### A. The Court should decide the FDIC as Receiver's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Before Addressing the Edwards' Motion for Partial Summary Judgment

1. On May 4, 2011, the FDIC as Receiver filed a Motion to Dismiss Count II of the Edwards' First Amended Complaint based upon the argument that the Court lacks subject-matter jurisdiction to adjudicate their claims. [Docket No. 42].

2. The Edwards have failed to submit an administrative claim to the FDIC prior to filing suit. [Docket No. 42, Exhibit 1, Declaration of Jeffry M. Quick, FDIC Claims Agent].

3. In response to the FDIC as Receiver's motion to dismiss the Edwards' claims, the Edwards admit that they failed to submit their administrative claims to the FDIC. [Docket No 45, ¶ 4].

4. The FDIC as Receiver's argument that the Court lacks jurisdiction is premised on §1821(d)(13)(D) of FIRREA, which mandates compliance with the administrative-claims process prior to bringing suit.

5. In addition, the Edwards lack Article III standing, since the loan documents attached to plaintiffs' First Amended Complaint clearly demonstrate that they were simply guarantors of the Placida construction loan. [Docket No. 21].

6. Moreover, there are no allegations in either the First Amended Complaint or the plaintiffs' First Amended Motion for Partial Summary Judgment that they suffered any "actual direct compensatory damages" as of October 31, 2008, the date the FDIC as Receiver was appointed, as required by § 1821(e)(3)(A)-(B) of FIRREA. [Docket Nos. 21 and 64].

7. In light of the Edwards' admission that they failed to exhaust their administrative remedies prior to filing suit, they should be conceding the lack of jurisdiction as opposed to moving for partial summary judgment without any legal support for their position.[1]

**B.    Placida is Not Entitled to Pre-judgment Interest.**

8. Placida is not entitled to pre-judgment interest as a matter of law because Congress has not specifically waived sovereign immunity with respect to the payment of interest.

9. Placida is not entitled to pre-judgment interest because the amount of damages in this

---

[1] The Edwards have not cited any legal authority in their Motion for Partial Summary Judgment (and there is none) to support the proposition that based upon the facts of this case they were not required to comply with FIRREA's mandatory administrative-claims process prior to filing suit.

3

case is unliquidated.

10. Interest is not appropriate here because a legitimate controversy exists regarding the amount owed.

11. The two district court cases cited by Placida on the issue of pre-judgment interest are at odds with federal circuit court opinions on the same issue, as discussed in detail in the Memorandum of Law below.

12. While Placida acknowledges that the FDIC as Receiver can satisfy the proposed judgment for repudiation damages by issuing Placida a receivership certificate, it improperly seeks to limit its application to only the amount in excess of what is owed by the plaintiffs to the purchaser of the Placida loan. [Docket 64, pg.16]. The case law cited by the plaintiffs, however, does not make this distinction as will be explained in further detail below.

### III. MEMORANDUM OF LAW

#### A. <u>Subject-Matter Jurisdiction is a Threshold Matter for the Court</u>

A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction. *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978); *Rodriquez v. Ritchey*, 556 F.2d 1185, 1192 n.30 (5th Cir. 1977) (en banc); *Scott v. Abilene Independent School District*, 438 F.Supp. 594, 598 (N.D.Ga.1977). When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim. *Durham v. Mason and Dixon Lines, Inc.*, 404 F.2d 864 (6th Cir. 1968); Guthrie v. Dow Chemical Co., 445 F.Supp. 311, 315 (S.D.Tex.1978). Since the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject-matter jurisdiction. *Studio Electrical Technicians, Local 728 v. International Photographers of the Motion Picture Industries, Local* 659, 598 F.2d 551, 552, n.2 (9th Cir. 1979); *O'Donnell v. Wien Air Alaska, Inc.*, 551 F.2d 1141, 1144-45 n.3 & 4

4

(9th Cir. 1977); *Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975); *Kowalezwk v. Walsh*, 482 F.Supp. 959, 962 (D.Mass.1979); *Titsch Printing, Inc. v. Hastings*, 456 F.Supp. 445 (D.Colo.1978); *Parker Drilling Company v. Metlakatla Indian Community*, 451 F.Supp. 1127, 1130 n.1 (D.Alaska 1978). See also, *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980). See generally, 10 Wright & Miller, Federal Practice and Procedure, s 2713, p. 402 et seq.

B. <u>The Administrative Claims Process Under FIRREA</u>

In FIRREA, Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as receiver for a failed financial institution and special powers to carry out that function. *See* 12 U.S.C. §§ 1821(c)-(d). When the FDIC is appointed as receiver, it succeeds to "all rights, titles, powers, and privileges" of the failed depository institution, 12 U.S.C. § 1821(d)(2)(A)(i), and may "take over the assets of and operate" the failed institution with all the powers thereof. 12 U.S.C. § 1821(d)(2)(B)(i). The FDIC, as receiver, must conserve and preserve the failed institution's assets, liquidate those assets when appropriate, and use the proceeds of liquidation to make distributions among the institution's valid creditors. *See* 12 U.S.C. §§ 1821(d)(2)(B)&(E). Congress also has given the receiver discretion to determine the timing and amount of such distributions. *See* 12 U.S.C. §§1821(d)(10)(A)&(B). The receiver's powers are "quite broad, in keeping with the emergent objectives of the statute." *Rosa v. RTC,* 938 F.2d 383,398 (3d Cir. 1991).

FIRREA also creates an administrative procedure for adjudicating claims asserted against an institution in receivership. 12 U.S.C. § 1821(d)(3)(B)(i) directs the receiver to provide prompt notice by publication to the failed institution's creditors or potential claimants informing them that they have ninety days from the date of published notice to present their claims against

5

the institution. Once such a claim is presented, the FDIC has 180 days to notify the creditor or claimant of the determination of the claim. *See* 12 U.S.C. § 1821(d)(5)(A). The FIRREA administrative-claims process is mandatory; thus, until such time as the claim is disallowed by the FDIC, "no court shall have jurisdiction over any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver." 12 U.S.C. §1821 (d)(13)(D)(i). Further, pursuant to 12 U.S.C. § 1821(d)(6)(B)(ii), if a party fails to comply with the statutory time limitations, any claim that the party has "shall be deemed to be disallowed... as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim."

Numerous courts across the nation, including the Eleventh Circuit, uniformly have held that courts are divested of jurisdiction where the administrative-claims process has not been complied with. *McMillian v. FDIC,* 81 F.3d 1041, 1045 (11th Cir. 1996) ("FIRREA makes exhaustion of the FDIC's administrative complaint review process mandatory when the FDIC has been appointed receiver for a financial institution."); *see also Am. First Fed. v. Lake Forest Park,* 198 F.3d 1259, 1263 (11th Cir. 1999) ("the plain language of [§1821(d)(13)(D)] thus divests the district court of jurisdiction over requests for relief," including "actions seeking a determination of rights with respect to assets of a failed bank" and "any claim relating to any act or omission of such institution or the RTC as receiver."); *FDIC v. Lacentra Trucking,* 157 F.3d 1292, 1294 (11th Cir. 1998); *Aguilar v. FDIC,* 63 F.3d 1059,1061 (11th Cir. 1995) (per curiam) (recognizing that FIRREA's administrative exhaustion requirement applies generally to all claims against an institution in federal receivership); *Village of Oakwood v. State Bank and Trust Co.,* 539 F.3d 373, 385 (6th Cir. 2008) (depositors' failure to file timely

administrative claim barred them from seeking relief in federal court); *FDIC v. Kane,* 148 F.3d 36 (1st Cir. 1998) (failure to submit a claim that accrued prior to the bar date to the administrative claims review process bars court action); *RTC Mortg. Trust 1994-/V2 v. Haith,* 133 F.3d 574, 580 (8th Cir. 1998) (claims that "had their genesis in pre-receivership conduct" must be denied if not asserted by the claims bar date); *Intercontinental Travel Mktg, Inc. v. F.D.I.C,* 45 F.3d 1278, 1284 (9th Cir. 1994) (exhaustion requirement becomes a jurisdictional bar when "a claimant fails to file a timely administrative claim"); *Brewer v. Indy mac Bank,* No 2:08-CV-01211-FCD-DAD, 2009WL 2915052 (E.D. Cal. Sept. 9, 2009) (dismissing case for lack of subject-matter jurisdiction where Plaintiff failed to submit evidence that claim was timely filed by claims bar date); *Sapp v. FDIC,* 876 F.Supp. 249 (D.Kan. 1995) (dismissing plaintiffs' claims for failure to file a timely administrative claim with the FDIC pursuant to FIRREA).

C. **The Edwards Failed to Exhaust Their Administrative Remedies as Mandated by FIRREA.**

The Edwards failed to submit their administrative claim to the FDIC prior to commencing the instant lawsuit [*See* Declaration of Jeffry M. Quick, FDIC Claims Agent] and, therefore, this Court is divested of jurisdiction to award the relief sought in their motion for partial summary judgment. Although the FDIC as Receiver acknowledges that Placida timely submitted its administrative claim, it does not excuse the Edwards from failing to submit their claims. Under FIRREA, administrative exhaustion is required by each claimant before any court acquires subject-matter jurisdiction over claims against FDIC as receiver for a failed institution. Federal Deposit Insurance Act, § 2[11](d)(6)(A), (d)(13)(D), as amended, 12 U.S.C.A. §1821(d)(6)(A), (d)(13)(D).

Because the Edwards failed to exhaust their administrative remedies by the February 24,

2009 Bar Date that the FDIC established and published in accordance with FIRREA's statutory requirements, the Edwards are precluded from forever pursuing their claims based on any of Freedom Bank's pre-receivership acts or omissions.

**D.      Placida is Not Entitled to Summary Judgment Granting it Pre-judgment Interest**

Placida is not entitled to pre-judgment interest as a matter of law because Congress has not specifically waived sovereign immunity with respect to the payment of interest. The Fifth, Ninth, and Tenth circuits have held that sovereign immunity bars an award of pre-judgment interest. *Battista v. FDIC*, 195 F.3d 1113, 1120-1121 (9th Cir. 1999) (sovereign immunity bars pre-judgment interest claim against the FDIC as Receiver); *Far West Federal Bank, SB v. Office of Thrift Supervision-Director*, 119 F.3d 1358, 1366 (9th Cir. 1997) (FIRREA's waiver of sovereign immunity does not encompass pre-judgment interest; FDIC fulfills a government function, it is not a profitable commercial insurance enterprise); *see Spawn v. Western Bank—Westheimer*, 989 F.2d 830 (5th Cir. 1993) (Congress has not waived FDIC's immunity from awards of pre-judgment interest); *Marchese v. U.S.*, 781 F.Supp. 241 (S.D.N.Y. 1991).

Generally, the United States is immune from interest on claims against it unless (1) it has waived immunity or (2) it is operating as a private commercial enterprise. *Far West Federal Bank, SB v. Office of Thrift Supervision-Director*, 119 F.3d 1358, 1366 (9th Cir. 1997). The FDIC has not waived immunity for imposition of pre-judgment interest. *Battista*, 195 F.3d at 1120; *Far West*, 119 F.3d at 1366; *Spawn*, 989 F.2d 830. Moreover, the "FDIC does not operate as a private commercial enterprise so as to subject it to pre-judgment interest." *Resolution Trust Corp. v. Federal Sav. And Loan Ins. Corp.*, 25 F.3d 1493, 1506 (10th Cir. 1994) (court held the FDIC did not waive its sovereign immunity to pre-judgment interest under FIRREA); *Philadelphia Gear Corp. v. FDIC*, 751 F.2d 1131 (10th Cir. 1984) (judgment reversed for other reasons).

The FDIC as Receiver is immune from interest payments under FIRREA in order to preserve the "ratable distribution" of insured deposits, as established by 12 U.S.C. § 1821(i)(2). "To require the FDIC to pay certain creditors in cash would allow those creditors to "jump the line," recovering more than their pro rata share of the liquidated assets, if the financial institution's debts exceed its assets." *Battista,* 195 F.3d at 1116. FIRREA limits the FDIC as Receiver's liability to any person having a claim against the receiver to the "amount such claimant would have received if the [FDIC] had liquidated the asset and liabilities of such institution without exercising the Corporation's authority under subsection (n) of this section of section 1823 of this title." This provision prohibits any general creditor from receiving more than its pro rata share of receivership assets. "As unsecured creditors, the plaintiffs share ratably with all other 'unsecured creditors, and their claim bear interest to the same date, that of insolvency.'" *Adams v. Zimmerman,* 73 F.3d 1164, 1175 (1st Cir. 1996) (citing *Ticonic Nat'l Bank v. Sprague,* 303 U.S. 406, 412 (1938)).

FIRREA's rule against pre-judgment interest should be construed according to the "settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." *See United States v. Shabani,* 513 U.S. 10, 13 (1994). The Supreme Court established many years ago that under the pro rata distribution scheme, a claimant is entitled to distributions only on the amount on the claim, and not to interest dating from the time the receiver denied the claim. *White v. Knox,* 111 U.S. 784, 786-87 (1884); *see Texas American Bancshares, Inc. v. Clarke,* 954 F.2d 329, 336 (5th Cir. 1992); *First Empire Bank-New York v. FDIC,* 572 F.2d 1361, 1372 (9th Cir. 1978).

In *White,* the Supreme Court ruled that where claims are to be paid ratably, dividends must be made by a uniform rule. 111 U.S. at 785-86. The rule that receivership claims do not earn pre-judgment interest is similar "to the rule applicable in the bankruptcy context that post-

petition interest is not available against an insolvent debtor." *Adams*, 73 F.3d at 1175 (*quoting Debentureholders Protective Comm. Of Continental Inv. Corp v. Continental Inv. Corp.*, 679 F.2d 264, 268 (1st Cir.), *cert. denied*, 459 U.S. 894 (1982). If Placida was to receive pre-judgment interest, it would be receiving more than its pro rata share of the assets of the receivership.

The two federal district court cases cited by Placida in support of its summary-judgment motion for pre-judgment interest are not binding and carry no persuasive value. In addition, those cases are at odds with the appellate opinions for the Fifth, Ninth, and Tenth Circuits that are on point here. This Court should adopt the well-reasoned appellate opinions and reject Placida's argument that it is entitled to a judgment as a matter of law with respect to the issue of pre-judgment interest.

The United States Court of Appeals for the Ninth Circuit held in *Far West Federal Bank, SB*, 119 F.3d at 1367, that Congress has not waived the FDIC's immunity against interest. The Ninth Circuit in *Battista* correctly applied the *Far West* ruling to determine that pre-judgment interest is not available to those with allowable repudiation claims. In *Battista*, 195 F.3d 1113, the Ninth Circuit held that under 12 U.S.C. § 1821(e), pre-judgment interest is not available to those with allowable repudiation claims. Congress expressed its intent to limit repudiation damages to actual, direct and compensatory damages and to specifically exclude punitive damages and damages for lost profits. *See* 12 U.S.C. 1821(e)(3)(A) and (B). Moreover, FIRREA's payment scheme requires that claims be paid according to the federal priority scheme, pro rata within each class, based on the amount of the claims as they stand on the date of insolvency, and thus does not permit pre-judgment interest.

Additionally, Placida is not entitled to pre-judgment interest because the amount of

damages in this case is unliquidated. *See, e.g., Cioffe v. Morris,* 676 F.2d 539 (11th Cir. 1982). A claim is unliquidated if the amount due is contested; only becoming certain when finally fixed and determined by the trier of fact. *See Hurley v. Slingerland,* 480 So.2d 104 (Fla. 4th DCA 1985). Since the amount of the judgment is hotly contested, Placida's is not entitled to a judgment as a matter of law with respect to the issue of pre-judgment interest and the Court should deny its motion.

E. **Satisfaction of Judgment with Receivership Certificates is Not Limited as Placida Claims**

Placida acknowledges that the FDIC as Receiver can satisfy the proposed judgment for repudiation damages by issuing Placida a receivership certificate for the amount of the repudiation damages, but attempts to limit application to the amount in excess of the money Placida owes for the construction loan. [Docket 64, pg. 16]. In doing so, Placida misstates the FDIC First Affirmative Defense, since it does not contain this limitation. In addition, Placida's argument is flawed because it automatically assumes that it will be entitled to a setoff.

The FDIC as Receiver is entitled to pay the amount of the judgment for repudiation damages in its entirety with a receivership certificate. R*esolution Trust Corp. as Receiver for Occidental Financial Savings Bank v. Titan Financial Corp.,* 36 F.3d 891, 892 (9th Cir. 1994). Whether Placida will ultimately be able to setoff the amount of a judgment against MultiBank 2009-1 CML-ADC VENTURE, LLC, the current owner of the Placida construction loan, is not an issue that can be decided on summary judgment, since MultiBank is not even a party to this lawsuit.

## CONCLUSION

Based on the foregoing authorities, the Court should deny the Plaintiffs' First Amended Motion for Partial Summary Judgment as it pertains to the Edwards based on a lack of subject-matter jurisdiction. The Court should also deny summary judgment as to Placida's claim for pre-

11

judgment interest, and award costs and such other relief the Court deems justified.

Respectfully submitted,

/s/ Michael H. Rosen, Esq.
MICHAEL H. ROSEN, ESQ.
Florida Bar No. 710393
mrosen@saxongilmore.com
SAXON, GILMORE, CARRAWAY,
& GIBBONS, P.A.
201 East Kennedy Boulevard, Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Fax: (813) 314-4555
Attorneys for Federal Deposit Insurance
Corporation as Receiver for Freedom Bank

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2011, I presented Defendant, FDIC as Receiver's Response to Plaintiffs' First Amended Motion for Partial Summary Judgment, and Incorporated Memorandum of Law in Support Thereof, to the Clerk of the United States District Court, Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to: Sheryl A. Edwards, The Edwards Law Firm, PL, 1901 Morrill Street, Sarasota, FL 34236.

/s/ Michael H. Rosen, Esq.
ATTORNEY