UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Placida Professional Center, LLC, a**
**Florida Limited Liability Company,**

Plaintiff,

v.                                      Case No.  8:2009 CV 02221 T30 MAP

**Federal Deposit Insurance Corporation, as**
**receiver for Freedom Bank,**

Defendant.

_____

### Joint Pretrial Statement

Pursuant to this Court's September 10, 2010 Case Management and Scheduling Order, as Amended and Local Rule 3.06(c), Plaintiff, **Placida Professional Center, LLC, ("Placida")** and Defendant, **Federal Deposit Insurance Corporation, as receiver for Freedom Bank ("FDIC-R"),** hereby submit the following Joint Final Pretrial Statement.

1. **Basis of Federal Jurisdiction**

Jurisdiction is proper in this Court based upon 12 U.S.C. §1821(d)(6)(A)(ii) because Placida has filed this action for damages against FDIC-R as a result of the repudiation of Placida's Construction Loan Agreement by FDIC-R.

2. **Statement of the nature of the action**

This action arises out of the repudiation of a construction loan agreement by the Federal Deposit Insurance Corporation ("FDIC-R") acting as Receiver for Freedom Bank.  In February 28, 2007, Plaintiff Placida Professional Center, LLC ("Placida") and Freedom Bank executed a construction loan agreement, a promissory note, and a mortgage in which Freedom Bank agreed to loan a total of $3,280,000 to Placida for the construction of a professional office center in Charlotte County, Florida ("the Placida project"). Under the agreement, $240,000 of the principal amount was to be reserved for interest payments on the loan during construction and a reasonable period of time to obtain tenants upon completion. The agreement provided that

disbursements from the loan would be made upon submission of a draw request to the bank and after inspection by the bank's inspector. The agreement further provided that upon substantial completion, all remaining funds from the Loan would be disbursed to Placida.

Construction on the Placida project proceeded according to schedule from July 27, 2007 to October 15, 2008, with monthly draw requests submitted at the end of each month. A total of 12 draw requests were received, reviewed, and paid by Freedom Bank with disbursements made from the loan in the total amount of $1,597,504.20 as of October 30, 2008. During construction, interest only payments were automatically paid on the 28th day of each month from the interest reserve held by Freedom Bank. The interest payment due on October 28, 2008, was paid on October 30, 2008. After that October 2008 interest payment, $1,682,495.68 remained in the loan account and the loan was in good standing.

On October 31, 2008, the FDIC-R was appointed as receiver for Freedom Bank. The FDIC-R held a meeting with Placida on November 6, 2008, to discuss the loan for the Placida project. At this meeting, the FDIC-R notified Placida that it was exercising its right of repudiation of the loan under 12 U.S.C. § 1821(e) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The FDIC-R stated that it was not going to continue to fund further draws from the loan, citing that the continued performance thereof by the FDIC-R would be "burdensome" and that repudiation would "promote the orderly administration" of Freedom Bank's affairs.

In February 2009, Placida submitted a claim to the FDIC-R for rescission of the note and mortgage and for damages caused by the FDIC-R's repudiation of the construction loan agreement. After extending the claims period under 12 U.S.C. § 1821(d)(5)(a)(ii), the FDIC-R sent Placida a notice of denial of its claim in September 2009. The notice indicated that "the claim was deemed without merit since the loan ha[d] been in default since October 2008 and therefore, not proved to the satisfaction of the Receiver."

Upon the denial of their claim, Plaintiffs, Placida Professional Center, LLC, Michael B. Edwards and Sheryl A. Edwards, brought this action in federal district court seeking: (1) declaratory judgment; (2) damages, and; (3) setoff of any damages award against other sums allegedly owed by Plaintiffs to the former Freedom Bank. This Court has since dismissed the counts for declaratory judgment and setoff and has dismissed the individual claims of Plaintiffs, Michael B. Edwards and Sheryl A. Edwards. The Court has also granted Placida's Motion for Partial Summary Judgment finding FDIC-R liable for Placida's damages; accordingly, only the amount of Placida's damages remains before this Court.

3. **Brief, general statement of each party's case**

**Placida's statement:** FDIC-R concedes that it is liable for Placida's actual, direct and compensatory damages caused by its repudiation of Placida's construction loan which is to be measured as of the date of the October 31, 2008 date of appointment of FDIC-R as receiver of Freedom Bank. Both parties' experts agree that as of the date of the appointment of the receiver and date of repudiation of the Placida construction loan, the Placida project had equity – it was worth more in its "as is" condition with financing in place than was owed on the loan. It was a

viable project with adequate funding to complete the improvements and with sufficient interest reserve support the property during the lease up period.  As a result of the FDIC-R's repudiation of the loan, construction was stopped and the project became a distressed property.

In late 2008, the financial markets in the United States and throughout the world were in severe turmoil.  The subject loan repudiation coincided with failures of massive financial institutions in the United States combined with historic declines in the U.S. stock market. Consequently, available financing for similar projects such as the subject was extremely limited or impossible to obtain. Nonetheless, after FDIC-R's repudiation of the loan, Placida made many attempts to obtain replacement financing and was told time and time again that the bank was not making new commercial loans.  Given the lack of replacement financing for partially completed commercial construction in Southwest Florida, the most financially feasible option available to Placida as of the date of value was a quick sale of the property at an appropriate discount necessary to entice buyers in the marketplace.  However, because FDIC-R denied Placida's claim in the administrative claims process, Placida was precluded from selling the project because the loan repudiation and resulting diminution in value caused the property to be worth less than the balance of the loan.

Furthermore, in February 2010 (after the commencement of this action), FDIC-R sold the Placida loan to Multibank 2009-CML ADC Venture, LLC and Rialto Capital Management as part of a $799,171,415.14 pool of loans.  After participating in a competitive sealed bid process, Multibank and Rialto acquired the pool of loans (to include the Placida loan) for $72,000,000.00 or 9% of the total outstanding principal balance of the loan pool.   On information and belief, the Placida loan was sold to Multibank for 9¢ on the dollar.

At trial, Placida seeks a determination of the proper measure of damages, amount of Placida's damages, pre-judgment interest and prevailing party attorney's fees from FDIC-R pursuant to the attorney's fees provision contained within the loan documents.

**FDIC-R's statement:**   Placida seeks repudiation damages of $960,000, plus prejudgment interest and attorney's fees and costs from the FDIC as Receiver. Placida's claim is based upon the appraisal opinion of Richard Bass, MAI. Mr. Bass concluded that the value of the subject property before the loan was repudiated was $2,400,000. His damages of $960,000 are based upon a 40% loss in value attributable to the unfinished condition of the property.

The FDIC as Receiver's position is predicated on the appraisal opinion of Chad Durrance, MAI. Mr. Durrance opined that the value of the Placida property prior to repudiation was $1,760,000. As a result of the loss in financing, Mr. Durrance determined that the value of the Placida property was diminished by 25%, thereby resulting in damages of $440,000. The FDIC as Receiver contends that Placida is not entitled to prejudgment interest or fees and costs.

4.  **List of all exhibits and Rule 5.04 exhibit substitutes**

**Plaintiff's Exhibits**:

Freedom Bank Construction Loan Agreement – No objection
Commercial Loan Note – No objection

Mortgage and Security Agreement – No objection
Closing Statement – No objection
Construction Agreement with Fred Shute Real Estate and Development – No objection
Construction Budget (printed date 1/25/2011) No objection
Correspondence from Vixien Powell, AVP of Freedom Bank to Michael Edwards and attached transaction history and spreadsheet-budget (Commercial Real Estate Budget and Loan Disbursement Schedule) – No objection
Application for Draw #13 from Placida Construction Loan dated 10/25/2008 – No objection
Placida's Proof of Claim – Objection, relevancy and hearsay
FDIC-R correspondence denying Placida's claim – No objection
Schematic Diagrams of Placida Project – No objection
Color Rendering of Placida Project – No objection
Photographs of Placida Project during construction and after repudiation – No objection
Bass Appraisal Report – Objection, improper conduit for hearsay; includes evidence excluded by the Court.
Summary of Salient Facts page – Objection, not evidence; improper conduit for hearsay
All subject property related graphics, aerials and photographs – Objection as to graphics, but not as to aerial and photographs
All Definitions – Objection, improper conduit for hearsay
All comparable data pages: land comparables, improved comparables and income comparables. – Objection to improved comparable sales which serves as a basis for damage calculation based, improper methodology and not comparable; reserve objection as to other alleged comparable sales
Sales Comparable data grid sheet- No objection
Cost Data table-No objection
Cost to Complete data- No objection
Discount for Project Interruption-Objection improper conduit for hearsay
Comparable Data confirmation and backup materials (file) – Objection, improper conduit for hearsay

Durrance Appraisal Report
Durrance Work file
Durrance Spreadsheet – cost of construction – Exhibit 2 to Deposition
Durrance file notes – Exhibits 4 and 6 to Deposition
Durrance Resume

Custodial and Paying Agency Agreement between FDIC-R and Multibank 2009-1 CML-ADC Venture, LLC and all attachments – Objection, relevancy
LLC Interest Sale and Assignment Agreement and all attachments – Objection, relevancy
Loan Contribution and Sale Agreement and all attachments – Objection, relevancy
Multibank 2009-1 CML-ADC Venture, LLC Amended and Restated Operating Agreement – Objection, relevancy
Multibank 2009-1 CML-ADC Purchase Money Note – Objection, relevancy
Multibank 2009-1 CML-ADC Purchase Money Notes Guaranty Agreement – Objection, relevancy

4

Multibank 2009-1 Reimbursement Security and Guaranty Agreement – Objection, relevancy
Multibank 2009-1 Servicing Agreement – Objection, relevancy

All Exhibits listed by Defendant

**Defendant's Exhibits:**

Freedom Bank Construction Loan Agreement – No objection
Commercial Loan Note – No objection
Mortgage and Security Agreement – No objection
Closing Statement – No objection
FDIC-R Appointment – Objection – not produced in discovery
Repudiation of Placida Claim – No objection

Aerial photographs of Placida office complex – No objection
Interior/Exterior ground level photos of subjects – No objection
Summary sheets of comparable sales - No objection to data, otherwise, object to any hearsay included on that page

Maps of comparable sales in relation to subject – No objection

General street and aerial maps showing subject location – No objection

Calculations relating to each of valuation approaches before and after repudiation by Chad Durrance, MAI. - Objection, improper conduit for hearsay

Summary of value difference "before and after" – Objection, improper conduit for hearsay

Certificate of Occupancy for comparable sales where applicable – Objection – not disclosed in discovery and not included in Durrance work file

Basic summary facts (i.e, land area, building sizes, zoning, etc) for subject – No objection

Summary of data found on page 26 of Mr. Durrance's appraisal report along with descriptive info regarding the sales and photos – No objection to data, otherwise, object to any hearsay included on that page

Comparable sales and back up support for Durrance's comparable sales - No objection to data, otherwise, object to any hearsay included on that page

Responses to Interrogatories

All exhibits listed by Plaintiff

5. **List of all witnesses who may be called at trial**

5

      Michael B. Edwards
      Richard W. Bass, MAI
      Ron Sommers, FDIC-R's designated representative with most knowledge concerning transfer of Placida Construction Loan to Multibank – Objection by FDIC-R, witness not disclosed per Court Order
      FDIC-R representative, Olalya Bryant
      Chad Durrance, MAI

6. **List of all expert witnesses(to include a statement of the subject matter and a summary of the substance of his/her testimony)**

   Richard Bass, MAI – opinion testimony as to value of land as if vacant, value of completed project, value of subject property as-is with financing in place, the value of subject property as-is without financing, and the amount of Placida's dimunition in value damages as of October 31, 2008.
   Chad Durrance, MAI – opinion testimony as to value of subject property with financing, the value of subject property without financing, and the amount of Placida's dimunition in value damages as of October 31, 2008.

7. **Claim for money damages: Statement of the elements of each claim and the amount being sought with respect to each such element**

Pursuant to Section 1821(e), Placida is entitled to damages for its actual, direct, compensatory damages caused by the FDIC-R's repudiation of Placida's construction loan in an amount to make it whole. <u>McMillian v. FDIC</u>, 81 F. 3d 1041 (11th Cir. 1996).

---

The following information has been provided by Placida. The FDIC-R contends that Placida's claim cannot exceed $960,000 based the Court's Order [Docket No.74. ]. Placida contends that although it retained an expert to calculate Placida's dimunition in value damages, the Court is not limited only to this theory of damages and can consider other measures of damages.

    1) Dimunition in Value resulting from Repudiation of Construction Loan

        A) Difference in value between pre-repudiation "as-is" value with financing in place and post-repudiation value of property with no financing in place

            Based upon Opinion of Richard Bass, MAI
            40% dimunition in value x $2,400,000               $ 960,000.00

Damages to be setoff against outstanding amount of loan as of date of appointment of receiver

---

B) Difference in value between pre-repudiation "as-is value with financing in place and FDIC-R's valuation in transfer to Multibank (estimated pending production by FDIC-R)

($2,400,000 less $160,000(est.))             $2,240,000.00

Damages to be setoff against outstanding amount of loan as of date of appointment of receiver

---

2) Alternative Measure of Damages - Amount of remaining performance under Contract

Amount of the undisbursed funds remaining in the Loan Account           $1,682,495.68

Damages to be setoff against outstanding amount of loan as of date of appointment of receiver

---

3) Put Placida in same position as before Freedom Bank Construction Loan measured as of date of receivership – Assumes no loan payoff (and no setoff) because loan is assumed to have never existed

Vacant Land value as of October 31, 2008 – per Bass appraisal
              $ 810,000.00
Amount outstanding on existing financing prior to Freedom Bank Construction Loan – from closing statement     ($ 402,298.05)

                                                                       $ 407,701.95

Payable in receiver's certificates – no setoff because loan presumed never to have existed

---

Prejudgment Interest – to be calculated on all measures of damages calculated as of the date of repudiation of loan

---

8. **List of all depositions to be offered in evidence at trial (as distinguished from possible use for impeachment)**

At this time, it is expected that all testimony will be live. However, counsel for both parties discussed the possibility of Ron Sommers testimony to be presented through videotaped deposition, if said testimony is permitted by the court.

9. **Concise statement of those facts which are admitted and will require no proof at trial (together with any reservations directed to such admissions)**

In February 28, 2007, Plaintiff Placida Professional Center, LLC ("Placida") and Freedom Bank executed a construction loan agreement, a promissory note, and a mortgage in which Freedom Bank agreed to loan a total of $3,280,000 to Placida for the construction of a professional office center in Charlotte County, Florida ("the Placida project"). Under the agreement, $240,000 of the principal amount was to be reserved for interest payments on the loan during construction. The agreement provided that disbursements from the loan would be made upon submission of a draw request to the bank and after inspection by the bank's inspector. The agreement further provided that upon substantial completion, all remaining funds from the Loan would be disbursed to Placida.

Construction on the Placida project proceeded according to schedule from July 27, 2007 to October 15, 2008, with monthly draw requests submitted at the end of each month. A total of 12 draw requests were received, reviewed, and paid by Freedom Bank with disbursements made from the loan in the total amount of $1,597,504.20 as of October 30, 2008. During construction, interest only payments were automatically paid on the 28th day of each month from the interest reserve held by Freedom Bank. The interest payment due on October 28, 2008, was paid on October 30, 2008. After that October 2008 interest payment, $1,597,504.32 was the outstanding loan balance, $1,682,495.68 remained in the loan account and the loan was in good standing.

On October 31, 2008, the FDIC-R was appointed as receiver for Freedom Bank. The FDIC-R held a meeting with Placida on November 6, 2008, to discuss the loan for the Placida project. At this meeting, the FDIC-R notified Placida that it was exercising its right of repudiation of the loan under 12 U.S.C. § 1821(e) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The FDIC-R stated that it was not going to continue to fund further draws from the loan, citing that the continued performance thereof by the FDIC-R would be "burdensome" and that repudiation would "promote the orderly administration" of Freedom Bank's affairs.

In February 2009, Placida submitted a claim to the FDIC-R for rescission of the note and mortgage and for damages caused by the FDIC-R's repudiation of the construction loan agreement. After extending the claims period under 12 U.S.C. § 1821(d)(5)(a)(ii), the FDIC-R sent Placida a notice of denial of its claim in September 2009. The notice indicated that "the claim was deemed without merit since the loan ha[d] been in default since October 2008 and therefore, not proved to the satisfaction of the Receiver."

<u>Placida and FDIC-R stipulate to the facts stated above which will require no proof at trial.</u>

**10. Concise statement of applicable principles of law on which there is agreement**

This court has jurisdiction over Placida's claim for damages

The Federal Rules of Evidence and Federal Rules of Procedure apply to this action

Any required interpretation of the Loan Documents at issue will be governed by Florida law

Damages for repudiation typically consist of damages based on all of the injured party's remaining rights to performance, however, damages for FDIC-R's repudiation are limited to actual, direct, compensatory damages which is defined by Section 1821(e) to exclude damages for lost profits or opportunity, punitive or exemplary damages, or damages for pain and suffering.

Any damages, prejudgment interest and attorney's fees and costs to be paid to Placida by FDIC-R shall be in the form of receivership certificates

For exhibits admitted by stipulation of the parties, no witness as to authenticity will be required.

Records custodians' testimony shall be waived except where asserted as objections in the Exhibit Lists.

**11. Concise statement of those issues of fact which remain to be litigated (without incorporation by reference of pleadings or memoranda)**

The amount of Placida's damages

**12. Concise statement of those issues of law which remain for determination by the Court (without incorporation by reference of pleadings or memoranda)**

Any damages paid to Placida by FDIC-R shall be setoff against amounts owed by Placida to FDIC-R measured as of the date of the receivership.

Because FDIC-R transferred the Placida loan to Multibank during the pendency of this action, Multibank and its successors and/or assigns are bound by this court's judgment.

Placida's claim for entitlement for Prejudgment Interest

Placida's claim for entitlement for Prevailing Party Attorney's Fees

**13. Concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Rules of Civil Procedure**

There are currently no disputes between the parties with respect to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure

**14. List of all motions or other matters which require action by the Court**

Placida's Motion in Limine to Strike and/or Exclude Testimony of Chad Durrance, MAI
FDIC-R's Motion in Limine to Exclude Opinion of Damages of Richard Bass, MAI

**THE EDWARDS LAW FIRM, PL**
1901 Morrill Street
Sarasota, Florida 34236
Telephone: 941-363-0110
Facsimile: 941-952-9111
sedwards@edwards-lawfirm.com
Counsel for Plaintiffs


By:  /s/ Sheryl A. Edwards, Esquire
    SHERYL A. EDWARDS, ESQUIRE
    Florida Bar No. 0057495


**SAXON, GILMORE, CARRAWAY & GIBBONS, P.A.**
201 East Kennedy Boulevard, Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Fax: (813) 314-4555
Counsel for Defendant

By:  /s/ Michael H. Rosen, Esq.
    MICHAEL H. ROSEN, ESQ.
    Florida Bar No.; 0710393