**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PLACIDA PROFESSIONAL CENTER,**
**LLC, a Florida Limited Liability Company,**

     **Plaintiff,**

vs.                                    **CASE NO. 8:09-CV-2221-T-30MAP**

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION, as Receiver for Freedom**
**Bank,**

     **Defendant.**

_____/

**FINAL JUDGMENT**

This matter came before the Court for bench trial on December 19-20, 2011, on

Plaintiff, **PLACIDA PROFESSIONAL CENTER, LLC, a Florida Limited Liability**

**Company's** Amended Complaint seeking judgment for damages against Defendant,

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Freedom Bank**.

**Background**

This action arises out of the repudiation of a construction loan agreement by the

Federal Deposit Insurance Corporation ("FDIC-R") acting as Receiver for Freedom Bank and

the denial of a Proof of Claim for repudiation damages filed by Plaintiff, Placida Professional

Center, LLC ("Placida") against the FDIC-R .   On October 18, 2011, this Court granted

Placida's Motion for Partial Summary Judgment on the issue of liability, and thus, the issues

for trial centered around the amount of Placida's damages.

On February 28, 2007, Placida and Freedom Bank entered into a construction loan agreement, a promissory note, and a mortgage in which Freedom Bank agreed to loan a total of $3,280,000.00 to Placida for the construction of a professional office center in Charlotte County, Florida ("the Placida project"). Under the agreement, $240,000.00 of the principal amount was to be reserved for interest payments on the loan during construction and a reasonable period of time to obtain tenants upon completion. The agreement provided that disbursements from the loan would be made upon submission of a draw request to the bank and after inspection by the bank's inspector.  The agreement further provided that upon substantial completion, all remaining funds from the Loan would be disbursed to Placida. Both the note and mortgage, referred to in the loan agreement, provide for the award of a prevailing party attorney's fee.

Construction on the Placida project proceeded according to schedule from July 27, 2007, to October 15, 2008, with monthly draw requests submitted at the end of each month. A total of 12 draw requests were received, reviewed, and paid by Freedom Bank with disbursements made from the loan in the total amount of $1,597,504.20 as of October 30, 2008. During construction, interest only payments were automatically paid on the 28th day of each month from the interest reserve held by Freedom Bank. The interest payment due on October 28, 2008, was paid on October 30, 2008. After that October 2008 interest payment, $1,682,495.68 remained in the loan account and, as of the end of October, the loan was in good standing in all respects.

On October 31, 2008, the FDIC-R was appointed as receiver for Freedom Bank. Construction Draw #13 was submitted by Placida on November 4, 2008 seeking $45,948.50 for payment of the Contractor and several Subcontractors for work performed in October 2008.   The FDIC-R held a meeting with Placida on November 6, 2008, to discuss the loan for the Placida project. At this meeting, the FDIC-R notified Placida that it was exercising its right of repudiation of the loan under 12 U.S.C. § 1821(e) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The FDIC-R stated that it would not fund further draws from the construction loan and the interest reserve, claiming the continued performance by the FDIC-R would be "burdensome" and that repudiation would "promote the orderly administration" of Freedom Bank's affairs.   As such, Construction Draw #13 was never paid and liens were filed against the Placida property by the unpaid contractors.

In late 2008, the financial markets in the United States and throughout the world were in severe turmoil.   The subject loan repudiation coincided with failures of financial institutions in the United States and historic declines in the U.S. stock market.  Experts for both sides agreed that financing for construction projects such as the Placida undertaking was virtually impossible to obtain for a significant period of time.

On February 4, 2009, Placida submitted a claim to the FDIC-R for rescission of the note and mortgage and for damages caused by the FDIC-R's repudiation of the construction loan agreement.  Attached to Placida's Proof of Claim was documentation provided by Freedom Bank to evidence that the payment due on October 28, 2008 was made.

Nonetheless, the FDIC-R sent Placida notice of the denial of its claim in September 2009 which indicated that "the claim was deemed without merit since the loan ha[d] been in default since October 2008 and therefore, not proved to the satisfaction of the Receiver."

Although the FDIC-R's notice denying Placida's claim indicated that the claim was denied because the loan was in default since October 2008, the spreadsheet attached to Placida's Proof of Claim indicated that the October 28, 2008 interest payment was made on October 30, 2008, evidencing the Placida loan was in good standing in all respects and not in default.

After the FDIC-R denied Placida's claim, Placida filed this action against the FDIC-R seeking a de novo review of its claim for repudiation damages. On February 9, 2010 (after the commencement of this action), the FDIC-R transferred the Placida loan as part of a $799,171,415.14 pool of loans to Multibank 2009-1 CML ADC Venture, LLC ("Multibank"), but neither the FDIC-R or Multibank filed a motion to substitute Multibank for the FDIC in this action, nor did Multibank seek to intervene in this case.

## Discussion

### A.    Placida's Damages

The parties agreed that Placida was entitled to an award of its "actual, direct, compensatory damages" suffered as a result of the FDIC-R's repudiation of the Placida construction loan. The parties disagreed on the amount of damages.

The proper measure of damages is the difference in the value of the property in its "as is" stage of completion with financing in place less the "as is" value with no financing in

place.  With no ability to obtain alternate financing, the Plaintiff's property was placed in a

distress sale position.  The Court finds that the proper amount of damages is $960,000 as

established by Placida's appraiser, Richard W. Bass, MAI, AICP, EAC.

As an affirmative defense, the FDIC-R contended that any damages to be awarded to

Placida in this action are to be setoff against the outstanding amount of the loan, with any

excess damages to be paid in receiver's certificates.   At trial, the FDIC-R argued that the

Court can not setoff Placida's damages against the outstanding amount of the loan because

the FDIC-R sold and transferred the Placida loan to Multibank.  But, it is undisputed that the

Placida loan was transferred *after* the commencement of this action.

Federal Rule of Civil Procedure 25(c) speaks to the situation in which "an interest is

transferred" during the pendency of an action, providing in pertinent part:

> (c) Transfer of Interest.  If an interest is transferred, the action may be
> continued by or against the original party unless the Court, on motion, orders
> the transferee to be substituted in the action or joined with the original party.

Rule 25(c) does not require that anything be done by a Plaintiff after an interest has

been transferred. The action may be continued against the original party and the judgment

will be binding on the successor in interest even though the successor is not named.  *See*, 7C,

Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure*, § 1958

(3rd ed. 2010)(citing *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003) and

*Matter of Covington Grain Co., Inc.* 638 F. 2d 1362 (5th Cir. 1981)).

The FDIC is an owner of a 60% interest in Multibank.  It cannot be disputed that

Multibank knew of this litigation from its inception.  If Multibank had any concerns about

the outcome of this action and its effect upon the Placida loan it now owns, it had ample

opportunity to file a Motion for Substitution of Parties or a Motion to Intervene in this action.

It did neither. Therefore, Multibank is bound by this Court's judgment. *Kloster Speedsteel*

*AB v. Crucible, Inc.*, 793 F. 2d 1565, 1582 (Fed. Cir. 1986), overruled on other grounds by

*Knorr-Bremise Systeme Fuer Nutzkahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir.

2004).

The Court orders the damages of $960,000 to be setoff against amounts owed by

Placida to the FDIC-R (or its successors), fixed and measured as of the date of the

receivership, pursuant to 12 U.S.C. §1821(e)(3)(A)(ii). *See, e.g., Federal Deposit Insurance*

*Corp. v. Parkway Executive Office Center,* 1998 WL 18204, *1 (E.D. Pa. 1998) (permitting

claims of offset and recoupment in action for damages based upon the FDIC's repudiation

of a contract); *Federal Deposit Insurance Corp. v. Grant,* 157 F. 3d 697, 703 (9th Cir.

1998)(permitting setoff of repudiation damages against amounts owed on promissory notes)*;*

*Interfirst Bank Abilene, N.A. v. Federal Deposit Insurance Corp.*, 777 F. 2d 1092, 1094 (5th

Cir. 1985)(permitting setoff of Interfirst's account against debts of Interfirst); *Villafane Neris*

*v. Citibank, N.A.*, 845 F. Supp 930, 933-34 (D. P.R. 1994)(permitting the FDIC to setoff CD

against loan balance).

The undisputed evidence presented at trial showed that the Placida loan balance was

$1,597,504.20. Placida's loan balance is hereby reduced by the $960,000 damages award.

As a result, the loan balance after setoff is $637,504.20 as of October 31, 2008, the date of

the appointment of the receiver.

Because the Court has awarded Placida damages and a setoff against the outstanding balance of the loan, the issue of pre-judgment interest on the amount of Placida's damages award is moot and Placida's request for an award of pre-judgment interest is denied.

**B.      Attorney's Fees**

Placida contends that as the prevailing party to this action it is entitled to an award of its attorney's fees and costs, citing to  *FDIC v. Scott*, 125 F. 3d 254, 260 (5th Cir 1997)(stating that if attorney's fees are provided for contractually, the parties may seek them from the receivership assets) and *RTC v. Titan Financial Corp.*, 36 F. 3d 891, 892 (9th Cir. 1994).  Placida argues that under the prevailing party fee provision included in paragraph 6.9 of the loan agreement, and under separate provisions in both the note and mortgage, supplemented by Section 57.105(7), Florida Statutes, it is entitled to an award of its reasonable attorney's fees and costs incurred in this action.

The FDIC-R, citing to *Interfirst Bank-Abilene, NA*. v. *FDIC,* 777 F.2d 1092, 1097 (5th Cir. 1985) and  *Monrad v*. *FDIC,* 62 F.3d 1169, 1175 (9th Cir. 1995), argues that  Placida is not entitled to an award of attorney's fees and costs because such an award would violate the rule that the assets of a failed institution should be ratably distributed amongst its creditors.

The Court concludes that the references in the loan agreement to the note and mortgage incorporate them by reference into the loan agreement.  As a result, the loan documents  should be construed together.  The attorney fee provisions of the note and mortgage, together with the reciprocal provisions of Fla. Stat. §57.105(7), allow the

prevailing party to recover its reasonable fees and costs. Thus, Placida is entitled to an award of its reasonable attorney's fees and costs.

Placida shall present the FDIC-R with its hourly breakdown of attorney's fees and costs incurred in this action within 30 days to see if the parties can reach an agreement on the amount. If no agreement can be reached, the Court will consider the matter upon appropriate motion within sixty (60) days of the date of this Order. In making a determination on the reasonableness of fees, the Court will consider any offers of settlement made by either party.

## Conclusion

It is therefore **ORDERED and ADJUDGED** that:

1.      The Clerk is directed to enter judgment in favor of Placida Professional Center, LLC, a Florida Limited Liability Company, and against the Federal Deposit Insurance Corporation, as Receiver for Freedom Bank, N.A. as follows:

  A.      Placida is hereby awarded damages against the FDIC-R in the amount of $960,000;

  B.      Placida's damages of $960,000 shall be setoff against the $1,597,504.20 loan balance owed by Placida to the FDIC-R (or its successors), fixed and measured as of the October 31, 2008 date of the receivership, pursuant to 12 U.S.C. 1821(e)(3)(A)(ii);

  C.      Placida, as the prevailing party in this action, is entitled to an award of its attorney's fees and costs incurred in this action in an amount to be

agreed by the parties or to be established by the Court as set forth herein.  The Court retains jurisdiction as to fees and costs.

2.      The Clerk is directed to terminate any pending motions and to close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2221.Final Judgment.wpd