UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PLACIDA PROFESSIONAL CENTER,**
**LLC, a Florida Limited Liability Company,**

    **Plaintiff,**

v.                                         Case No.  8:09-cv-2221-T-30MAP

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION, as Receiver for Freedom**
**Bank,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff, Placida Professional Center's Motion for Attorneys' Fees and Costs (Dkt. 127), Defendant, Federal Deposit Insurance Corporation, As Receiver for Freedom Bank's Response in Opposition to Plaintiff's Motion to Tax Attorney's Fees and Costs and Memorandum of Law in Support Thereof (Dkt. 128), and Plaintiff, Placida Professional Center, LLC's Request for Oral Argument on its Motion for Attorneys' Fees and Costs (Dkt. 131).  On January 5, 2012, the Court entered final judgment and awarded Placida reasonable attorney's fees and costs (Dkt. 117).  The Court retained jurisdiction to order attorney's fees and costs if the parties could not reach an agreement on the amount.  The Court, after reviewing the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted in part and denied in part.

**I.     Attorney's Fees**

The Court awarded attorney's fees pursuant to the note and mortgage provisions together with the reciprocal provisions of Fla. Stat. § 57.105(7) that permits attorney's fees for the prevailing party when a contract would have allowed the other party to recover the same.  Because paragraph 6.6 of the loan agreement and the parties Joint Pretrial Statement (Dkt. 77) states that interpretation of the loan documents will be governed by Florida law, the determination of reasonable attorney's fees is also governed by Florida law.

The Florida Supreme Court has adopted the federal lodestar approach for computing reasonable attorney fees.  *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1146 (1985); *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830 (Fla. 1990) ("we found that, in setting a reasonable attorney's fee, the federal lodestar approach 'provided a suitable foundation for an objective structure'") (*quoting Rowe*, 472 So. 2d at 1150).  In computing the lodestar, the Court must first determine the reasonable hourly rate.  Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation.  After the Court establishes the reasonable hourly rate and the reasonable number of hours expended, it determines the lodestar by multiplying the two numbers.  "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable."  *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1150 (11th Cir.1993).

Importantly, in calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours, and also exclude the time

spent litigating "discrete and unsuccessful claims." *Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (11th Cir. 1996). Also, the party moving for fees must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. The Eleventh Circuit encourages the district courts to use their independent judgment in considering whether counsel engaged in an "inefficient, over-litigatory approach" in fashioning an award of fees. *Padurjan v. Aventura Limousine & Transp. Service, Inc.,* 441 Fed. Appx. 684, 686 (11th Cir. 2011). Where necessary, the Court must undertake the task of "pruning out those [hours] that are excessive, redundant, or otherwise unnecessary." *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) (internal quotations omitted). The Court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." *See Bivens v. Wrap It Up, Inc.,* 548 F.3d 1348, 1351 (11th Cir. 2008).

Additionally, under Florida law in contingency fee cases, a court may apply a multiplier, although it is not mandatory. *Standard Gaur. Ins. Co.*, 555 So. 2d at 830. To determine whether a multiplier is necessary, courts should consider:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Id.* at 834. The range of a multiplier need only be considered once a court has decided a multiplier is necessary. *Alvarado v. Cassarino*, 706 So. 2d 380, 381 (2d DCA 1998).

As an initial matter, the Court concludes that Ms. Edwards' hourly rate of $350 and Ms. Cummins' hourly rate of $150 are not reasonable given their experience and the prevailing market rate for similar services. The Court agrees with Attorney Jonathan C. Koch's opinion that Ms. Edwards' relative lack of civil litigation experience in federal court would warrant a reasonable fee of $300 per hour. Likewise, Ms. Cummins' work as a paralegal with her experience would warrant a reasonable fee of $125 per hour.

The more difficult task is determining the reasonableness of the time entries attached as Document 127-2. FDIC-R persuasively argues that Placida should not be awarded attorney's fees for the time spent in counts that were dismissed for lack of subject matter jurisdiction and in an appeal which was similarly dismissed. Additionally, FDIC-R urges this Court not to award attorney's fees for time expended in preparing for and conducting the deposition of Mr. Ronald Sommers because his deposition testimony was excluded at trial as irrelevant.

The Court agrees that fees should not be awarded for these time investments because they were unnecessary to the litigation. Because the time records are not broken down in a manner that easily supports apportionment in a non-speculative manner for the claims that were dismissed for lack of jurisdiction, it prevents the Court from conducting "pick and shovel" work to remove specific time entries. Additionally, the Court noted in its order of January 1, 2012 (Dkt 117) that it will consider any offers of settlement made by either party in making a determination on the reasonableness of fees. FDIC-R clearly did not make good faith efforts to settle, while Placida made several offers prior to trial.

Upon consideration of all these circumstances, the Court concludes that it is reasonable to apply an "across-the-board" reduction of twenty-five percent to the requested hours as reflected in Document 127-2.  This reduction leaves Placida with 607.95 hours of attorney's fees by Ms. Edwards at $300 per hour, amounting to $182,385.  This reduction leaves Placida with 48.08 hours of paralegal fees by Ms. Cummins at $125 per hour, amounting to $6,010.

Additionally, the Court concludes that a multiplier is not appropriate.  Although the representation was undertaken on a contingency basis, the contingency risk was minimal because the FDIC-R had a statutory duty arising from its repudiation of Placida's loan.  The issues, although perhaps unfamiliar to most attorneys, were not unusually complex.  Rather, the sole issue at trial was the amount of damages owed Placida by FDIC-R.  Therefore, a multiplier is not warranted.

Accordingly, the Court awards attorney's fees to Placida in the lodestar figure of $188,395.

**II.    Costs**

Federal law governs the determination of costs, not Florida law.  Although the loan agreement and the parties Joint Pretrial Statement (Dkt. 77) agree the loan documents will be governed by Florida law, the reciprocal provision of Fla. Stat. § 57.105(7) only addresses "attorney's fees."  Thus, because the reciprocal provision of Florida law does not address the award of costs, the loan agreement's choice of law does not provide for the award of costs.

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Procedure], or a court order

provides otherwise." 28 U.S.C. § 1920 provide that a Court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Placida moves for a total of $48,483.04 in costs based on Florida law or alternatively the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The FDIC-R opposes most of these costs as unrecoverable under § 1920 and argues that it is not a federal agency for purposes of the EAJA. *See Schock v. Fed. Deposit Ins. Corp.*, 118 F. Supp. 2d 165, 170 (D.R.I. 2000) (finding that the FDIC when acting as a receiver is not an agency of the United

States for purposes of the EAJA).  The Court agrees,[1] and the below costs analysis will be governed by § 1920 alone.

A. **Uncontested Costs**

Placida requests costs in the amount of $3,375.12 for the filing fee, service of process on the U.S. Attorney and Attorney General, court reporter transcript copies of three deponents, certified copy fees by the Clerk of Court, and photocopy expenses for preparation of filing the complaint and exhibits for trial.  FDIC-R does not dispute them and they are recoverable under § 1920.

B. **Contested Costs**

1. **Service of Process on FDIC-R in Dallas, Texas**

Under § 1920, costs of the clerk and marshal, equivalent to sheriff's fees to serve process, are within the scope of taxable costs.  FDIC-R objects to the $70 service of process fee charged by Constable Derek Evans because Placida improperly served FDIC in its corporate capacity and failed to serve the U.S. Attorney as required because FDIC-R is a federal agency.  Placida argues that FDIC-R told them to serve their legal department in Dallas, Texas, and that FDIC-R should be required to pay for this cost because of that misinformation.  However, even if that is true, service was improper because it named FDIC

---

[1] Placida urges the Court to qualify FDIC-R as a federal agency for purposes of the EAJA because they asserted in their Motion to Set Aside Default (Dkt. 9) that they were a federal agency for purposes of service of process under Fed. R. Civ. Pro. 4.  However, that assertion does not make FDIC-R liable under the EAJA because the elements of estoppel have not been met.  Namely, Placida did not demonstrate how it detrimentally relied upon that assertion or was induced to change its position to its detriment.  Furthermore, Placida failed to cite one case that supports its position that the FDIC in its receivership capacity qualifies as a federal agency for purposes of the EAJA.

in its corporate capacity, not in its receivership capacity. Thus, this cost should not be awarded to Placida. *Briggs v. Action Center Moving & Storage Co.*, 2011 WL 6955738, at *3 (M.D. Fla. Dec. 28, 2011) (adopting report of magistrate judge declining to award service of process costs because the plaintiffs failed to properly serve them under Fed. R. Civ. P. 4).

**2.    Placida's Expert Witness Fees of Appraiser Richard Bass**

Placida requests costs of $37,168.11 for its expert witness fees by Bass & Associates. Under § 1920, only court appointed experts are a taxable cost. Placida does not allege that its expert, Richard Bass, was a court appointed expert. "[T]he recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem." *Arlington Ctr. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006). Placida did not include travel reimbursement for Appraiser Bass, thus the amount of recoverable costs is $40 for his one day of testimony.

**3.    FDIC-R's Expert Deposition Fees**

Placida requests costs in the amount of $1,365 for the seven hours it took to depose FDIC-R's expert witness, Chad Durrance. Mr. Durrance charges $195 per hour. Under § 1920, fees for transcripts necessarily obtained for use in the case are allowed. Mr. Durrance's deposition was necessarily obtained for use in the case, especially because his opinion focused on the amount of damages owed Placida, the only issue at trial. Accordingly, the Court will award costs associated with Mr. Durrance's deposition in the amount of $1,365.

**4.     Mediation Fees**

Placida requests mediation costs in the amount of $612.50. FDIC-R argues that these costs are not recoverable under § 1920. The Court agrees. The law is clear that costs associated with mediation are not recoverable. *See Lewis v. Florida Default Law Group, P.L.*, 2012 WL 252837, at *4 (M.D. Fla. Jan. 26, 2012). Accordingly, the Court will not award the costs associated with mediation.

**5.     Computerized Legal Research**

Placida requests costs in the amount of $3,670.41 for computerized legal research using the Westlaw database. "[C]osts such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees . . . are clearly nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Accordingly, the Court will not award the costs associated with computerized legal research.

**6.     Electronic Copy Expense for Scanning Discovery**

Placida requests costs in the amount of $242.50 for electronic copy expenses for scanning discovery. Section 1920 allows "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Notably, costs incurred for the convenience of counsel are not taxable. *Lehman Bros. Holdings v. Hirota*, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010).

FDIC-R argues that these copying expenses are not recoverable under § 1920. The Court agrees because Placida did not specify in its motion or present evidence to support how

these copies were necessary to this litigation.  Accordingly, the Court will not award any reproduction costs in this case.

**7.     Costs Associated with Deposition of Ronald Sommers**

Placida requests costs associated with the deposition of Ronald Sommers in the amount of $1,979.40.  Under § 1920, expenses for attorney's travel, airfare, hotel accommodations, and parking are clearly not recoverable costs.  Transcripts of depositions are recoverable costs if "necessarily obtained for use in the case."  As addressed earlier under attorney's fees, the deposition of Ronald Sommers was not necessary for the case.  Accordingly, the Court will not award any costs associated with the deposition of Ronald Sommers.

In sum, the Court awards Placida costs in the total amount of $4,780.12.

**III.    Set Off of Damages**

Placida seeks a set off of the award of attorney's fees and costs against its remaining loan balance.  Under 12 U.S.C. § 1821(e)(3)(A), damages awarded against the FDIC shall be "(i) limited to actual direct compensatory damages; and (ii) determined as of – (I) the date of the appointment of the conservator or receiver."  "Actual direct compensatory damages" does not include "(i) punitive or exemplary damages; (ii) damages for lost profits or opportunity; or (iii) damages for pain and suffering." 12 U.S.C. § 1821(e)(3)(B).  Attorney's fees are not punitive damages, and thus may be awarded against the FDIC-R.  *Cassese v. Washington Mut., Inc.*, 711 F. Supp. 2d 261, 274 (E.D.N.Y. 2010).  However, Placida concedes in its motion that "any damages awarded by this Court must be set off to amounts

owed by Placida to the FDIC-R (or its successors), measured *as of the date the of the receivership*, pursuant to 12 U.S.C. § 1821(e)(3)(A)(ii) (Dkt. 127) (emphasis added). The FDIC-R was appointed as receiver of Freedom Bank on October 31, 2008 and the Edwards Law Firm was retained on November 1, 2008. Thus, all attorney's fees and costs were incurred subsequent to FDIC-R's appointment as receiver and presumably not recoverable as a set off under § 1821(e).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff, Placida Professional Center's Motion for Attorneys' Fees and Costs (Dkt. 127) is granted in part and denied in part as stated herein.

2. The Clerk of Court shall enter an award of attorney's fees and costs in favor of Plaintiff Placida and against Defendant Federal Deposit Insurance Corporation, as Receiver for Freedom Bank, in the amount of $193,175.12.

3. Plaintiff, Placida Professional Center, LLC's Request for Oral Argument on Its Motion for Attorneys' Fees and Costs (Dkt. 131) is denied as moot.

4. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2221.attyfees & costs order 2.wpd